IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLOBAL STEEL CORP.          :     CIVIL ACTION
                            :
        v.                  :
                            :
STEELSALVOR, LLC            :     NO. 09-cv-00770-JF

MEMORANDUM

Fullam, Sr. J.                              December 8, 2009

  The defendant, SteelSalvor, operates an on-line auction business on its website, dealing primarily, if not entirely, in quantities of steel. The defendant lists quantities and types of steel available for purchase, receives bids from potential purchasers, decides which bid is successful, collects the money from the successful bidder, and arranges for the shipment of the purchased steel.

  Plaintiff, Global Steel Corp., placed the successful bid for a large quantity of steel, paid the purchase price, but, allegedly, the steel it bought did not conform to the listed specifications. Plaintiff thereupon brought this lawsuit to recover its damages from the defendant.

  Now before the Court is the defendant's motion to dismiss the action, or, in the alternative, to have this case transferred to the District of Texas, for disposition by compulsory arbitration.

  The defendant contends that, in order to participate in the on-line auction in question, plaintiff was required to "click

on" and thereby to accept the terms of defendant's written regulations (regulations which virtually exonerate the defendant from any possible liability to anyone, and which specify that only the Texas court should have jurisdiction, and that all disputes are to be resolved by compulsory arbitration in the Texas court).

Plaintiff, on the other hand, denies having subjected itself to defendant's regulations, and points to the fact that the defendant's president signed plaintiff's purchase order, and thereby became, in effect, the seller of the steel, and subject to plaintiff's conditions of sale set forth in the purchase order. Under plaintiff's conditions of sale, only the state courts of Pennsylvania, or this District Court, would have jurisdiction over the dispute. Pursuant to that jurisdictional limitation, plaintiff brought this action in the Court of Common Pleas of Montgomery County, and the defendant removed the case to this Court on the basis of diversity of citizenship.

I have concluded that the pending motion cannot be decided by this Court on the present record: there are important disputes of fact which only a jury can resolve. Depending upon how these factual disputes are resolved (i.e., whether the case is governed by defendant's documents or by plaintiff's, or by neither), the defendant might be held directly liable to plaintiff as the agent for an undisclosed principal, or as the

actual seller of the steel in question.  If defendant's documents are controlling, the case should be dismissed outright, or transferred to Texas for arbitration.  Which set of documents are paramount may involve such factual issues as (1) Did the plaintiff's president "click on" to the website? (2) Were persons who did "click on" to the website made aware of the consequences of doing so? (3) Did the defendant's president sign the plaintiff's purchase order, and thereby accept the position of seller?

     All of these issues ultimately require factual determination, presumably at a trial.  The parties may consider it worthwhile to conduct discovery – as, for example, communications between the defendant and the firm which listed the steel for sale at auction on defendant's website.

     For the foregoing reasons, defendant's motion will be denied.  An Order follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.